## GANDÍA v. PÉREZ MORÍS.

### APPEAL from the District Court of San Juan.

Nos. 318-319.—Decided June 2, 1909.

PROFESSIONAL SERVICES—REMUNERATION—LACK OF AGREEMENT.—According to
    section 1486 of the Civil Code, amended by the Act of February 24, 1906,
    where there is no agreement as to remuneration for professional services, the
    just and reasonable value of such services may be recovered in any court of
    competent jurisdiction.
ID.—OFFER TO SETTLE.—A sum offered to settle a claim for services is no evidence
    of the value of such services.
ID.—PLANS—OWNER OF THE HOUSE.—The fact that the person who employed the
    services of the plaintiff to draw some plans was not the owner of the house
    does not affect the right of the plaintiff to recover the value of his services,
    it having been shown that the defendant employed his services and that the
    house was built in accordance with said plans.

The facts are stated in the opinion.

*Mr. Texidor* for appellant in 318.

*Mr. López Landrón* for appellant in 319.

The respondent did not appear in either of the cases.

MR. JUSTICE WOLF delivered the opinion of the court.

Both parties have appealed from the judgment in this case and it was agreed that the appeals should be heard and decided in a single judgment. Ramón Gandía Córdova sued Nemesio Pérez Morís to recover the sum of $518 for professional services as architect rendered by the former to the latter. The defendant in the court below demurred to the amended complaint finally filed, and upon his demurrer being overruled, eventually filed an amended answer and a cross complaint for $9,300 damages and $250 for professional services as an attorney. The case came on to be heard and the court rendered in favor of Gandía for $425 and in favor of Pérez Morís for $25.

The appellant, Pérez Morís, first attacks the judgment because he says that Gandía was not an architect but an engineer. It is sufficient answer to this contention to say that Gandía

says he was also an architect and his testimony is confirmed
by others, and moreover the evidence is clear to the effect
that he was employed in such capacity by Pérez Morís.

The sound contention made by the same appellant is that
he was not the owner of the house for which the plans were
made, but whether he was or not there can be no doubt that he
employed Gandía and that the house was finally built or
adapted from the plans furnished by the latter.

The third contention is that the services of Gandía were
not worth more than $280 according to the tariff of San Fer-
nando. Section 1486 of the Civil Code amended by the Act of
February 24, 1906, Session Laws, p. 36, reads as follows:

"The services of servants and laborers may be contracted for a
fixed period of time, or without a fixed period. A hiring for life shall
be void. Professional services, as regards the remuneration therefor,
shall be subject to the agreement of the parties; and where there is no
agreement as to remuneration, and a disagreement should arise re-
specting the same, the party entitled to such remuneration may sue and
recover from the adverse party the reasonable value of such services in
any court of competent jurisdiction."

Under this section the sole question before the court below
in regard to the amount of the services rendered was, were
they just and reasonable. The evidence of Gandía and of the
engineer Canals and Rodríguez is sufficient to justify a judg-
ment of $425 which the court awarded.

We agree with the appellant Pérez Morís that an offer to
settle for $400 was no evidence of the value of the services
of Gandía.

The fourth contention is concerned with the damages al-
leged by Pérez Morís on account of the plans not being suit-
able and having caused the owners extra cost and trouble, but
we agree with the court below that the changes made in the
plans did not prejudice the owners and were used in the con-
struction of the house in question, No. 53 San Francisco
Street.

We likewise agree with the court below that $25 was a reasonable fee for the consultations that Gandía had with Pérez Morís to which the last contention of the latter's brief relates. There were some exceptions taken at the trial but they were not important, and the rulings of the court did not prejudice the appellant, Pérez Morís, and no reference is made to such exceptions in his brief. An exception, for example, was taken to the admission of a letter between the parties. The letter itself forms no part of the bill nor are its contents stated.

There was some conflict in the testimony as to the value of the services and therefore we see no reason to adjudge erroneous the judgment of the court in limiting the recovery of Gandía to $425. For all these reasons the judgment must be affirmed.

The records in these cases are presented in an inexcusable manner. In No. 318 the bill of exceptions does not comply with the rules. It is a carbon copy of a typewritten copy. The rules require that the records should be printed or typewritten. Moreover, the bill is single spaced, making it difficult to read. The record in No. 319 is almost as defective except that the type is larger. Moreover, in No. 318, the original complaint and the demurrer which were superseded are brought into the record without any necessity therefor. No attempt is made to state the facts succinctly or in narrative form as the court has suggested in several cases, but plans, budgets, documents and testimony are all thrown together in one promiscuous heap.

*Affirmed.*

Chief Justice Hernández and Justices Figueras and Mac-Leary concurred.

Mr. Justice del Toro took no part in the decision of this case.